# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JUDITH A. BAKER,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0309** (BOR Appeal No. 2055810)
                    (Claim No. 2020006061)

**WHEELING ISLAND GAMING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judith A. Baker, by Counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wheeling Island Gaming, Inc., by Counsel Jane Ann Pancake, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim in an Order dated October 4, 2019. On September 25, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated March 18, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of
> Appeals shall consider the record provided by the board and give deference to the
> board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Baker alleged an injury on August 15, 2019, when she fell while working as a player's service representative for Wheeling Island Gaming, Inc. After falling, she sought treatment at Wheeling Hospital with back pain and injuries to her chin and bilateral wrists. In describing the fall, Ms. Baker stated that she turned to "pivot" and fell, catching herself with her hands. When she fell, she hit her chin on the floor. She also reported that she was seen a week earlier for a fall with an injury to her right knee.

A number of diagnostic tests were performed at Wheeling Hospital on August 15, 2019. Ms. Baker had stable cardiomegaly and clear lungs. A chest x-ray was normal. Bilateral wrist, hand, forearm, humerus, and shoulder x-rays showed mild degenerative changes but were otherwise normal. Right hip and pelvis x-rays showed mild degenerative changes, but were otherwise normal. Although most of the x-rays were normal, bilateral x-rays of the right knee showed severe degenerative changes. A CT scan of the maxillofacial area was unremarkable. A CT scan of the brain revealed low density in the periventricular white matter which suggests mild chronic small vessel ischemic changes. CT scans of the abdomen, thoracic spine, and lumbar spine showed degenerative changes.

Ms. Baker was seen by C. Clark Milton, D.O., at Wheeling Corporate Health on August 26, 2019. Dr. Milton noted that she had recently experienced two falls at work, one on August 15, 2019, and one before. There was confusion about whether the falls were presyncopal or syncopal. Dr. Milton stated that a workup of syncope was beyond the scope of his practice. Ms. Baker was advised to follow up in the emergency department and to see her primary care physician.

A Report of Occupational Injury form was signed by Ms. Baker on August 30, 2019, indicating that she sustained an injury to her right knee, both wrists, chin, neck, and shoulders, when her knee gave in as she was turning to the left on August 15, 2019. She alleged that she hit the counter with both hands and chin. The physician's portion of the form was completed by the staff at MedExpress Urgent Care and indicated an occupational injury of right knee strain. An undated Employees' and Physicians' Report of Occupational Injury or Disease form was signed

2

by Brenda Adamovich, D.O., stating that Ms. Baker injured her head and noted that she was suffering headaches.[1]

A report from MedExpress-Wheeling dated August 30, 2019, indicated that Ms. Baker appeared for an injury to her wrist that occurred on August 15, 2019, when her right knee popped and she fell, catching herself and hitting her chin. She was seen in the emergency department and all of her x-rays were negative. Her right knee and neck were both 7 on a 10-point pain scale. Ms. Baker was found to have hyperlipidemia, diabetes, and hypertension. Due to her increased pain, additional x-rays were taken. An x-ray report from Wheeling Hospital dated October 4, 2019, did not find any fractures or suspicious bone lesions. X-rays did reveal severe degenerative changes but no effusion. The impression was severe degenerative osteoarthritis of both knees. By Order dated October 4, 2019, the claims administrator rejected the claim and found that Ms. Baker did not sustain an injury in the course of and as a result of her employment. Ms. Baker protested and both parties submitted evidence in support of their respective positions.

In a follow-up examination with MedExpress-Wheeling on October 23, 2019, Ms. Baker presented with headaches that she had ever since her work accident when she hit her chin and head on the floor. This was the first time that she told a medical provider that she hit her head when she fell. Following her visit with MedExpress, a Report of Injury form was completed. Ms. Baker noted her injury occurred when her knee buckled. She alleged injuries to both wrists, chin, head, neck, back, and right knee. A physician at MedExpress completed the physician's section of the form and stated that the first day of treatment was August 30, 2019. Ms. Baker was diagnosed with a headache.

Ms. Baker provided written answers to interrogatories which she dated December 27, 2019. She described the events that resulted in the injury as follows:

"Pivoted to throw away a piece of paper and knee buckled causing me to loose (sic) my balance. While attempting to catch myself on the desk I hit my chin and both wrists throwing me backward striking my head."

She testified via deposition on February 24, 2020, and described what happened on the day of her alleged injury as follows:

"Well, I went out the door, went to my locker to get my snack. When I shut my locker door, I turned around and was going to come back out the door that I entered. I opened my snack, and my candy wrapper – I thought I'm going to throw it in the trash while I'm back here. So I was headed towards the trash can, and I pivoted. I just made the turn because I was headed out the door coming back to the front desk. I pivoted around, and when I did, my knee buckled on me, and I stumbled and seen the desk in front of me. It looked like it was closer at the time,

---

[1] In response to Wheeling Island Gaming, Inc.'s request for medical records, Dr. Adamovich reported that, "[w]e have not seen or treated this patient – patient left office when found out we do not take workers comp."

but I stumbled and tried to catch myself with the desk. I put my hands out. I kind of just barely missed – I hit the desk with my hands. My chin came down on the desk and propelled my head backwards, and I fell on the floor. I was knocked unconscious on the floor."

Ms. Baker could not answer whether she tripped or stumbled on the carpet. She testified, "I just know that when I did pivot, I tried to get my balance." She further testified that she had fallen twice at work in the two weeks prior to August 15, 2019. Once was in the front desk area when she tripped over soft pads. She fell a week or two later inside the door while going to her locker. She did not seek medical treatment after either one of those falls because she bounced back up and returned to work.

In a Final Decision dated September 25, 2020, the Office of Judges affirmed the October 4, 2019, Order of the claims administrator rejecting the claim. The Office of Judges concluded that it is more likely than not that Ms. Baker did not sustain an injury in the course of and as a result of her employment on August 15, 2019. It was noted that she stated that her knee buckled, and she fell. The Office of Judges determined that Ms. Baker did not describe an injury or accident that caused her fall. Therefore, her knee buckling is not a covered injury and is more likely than not an idiopathic situation. The Office of Judges further noted that Ms. Baker had non-compensable conditions, including severe degenerative right knee arthritis, that likely contributed to her falling on multiple occasions. As such, the Office of Judges found that there is insufficient evidence to support the position that she sustained an injury in the course of and as a result of her employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 18, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The Office of Judges concluded that it is more likely than not that Ms. Baker did not sustain an injury in the course of and as a result of her employment on August 15, 2019. Accordingly, the Board of Review's Order is affirmed.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn